[No. 16872-7-III. Division Three. December 22, 1998.]

PRIORITIES FIRST, ET AL., *Appellants*, v. THE CITY OF SPOKANE, ET AL., *Respondents*.

*Stephen K. Eugster* of *Eugster, Haskell,* for appellants.
*James C. Sloane, City Attorney,* and *Stanley M. Schwartz* and *Milton G. Rowland, Assistants,* for respondents.

BROWN, J. — Priorities First sought in the superior court to have proposed Initiative 97-1 placed on the ballot after the City of Spokane decided it was invalid. The superior court denied Priorities First's petition for writ of mandamus and granted summary judgment to the City. The dispositive issue here is whether the proposed initiative interfered with the statutory authority vested in the City's legislative body to pledge public funds for off-street parking facilities. Because (1) the statutory authority vested in the City's legislative body is not subject to the initiative process, and (2) the proposed initiative contains an ordinance conflicting with State law, we affirm.

## FACTS

This case arose in the context of the development of River Park Square in downtown Spokane. On January 27, 1997,

the Spokane City Council approved an off-street parking ordinance that pledges on-street parking meter revenue to pay for the ground lease and the operating expenses of a parking garage, if garage revenues are insufficient to cover those items. The pledge is premised on a development plan that calls for the developers of River Park Square to build the garage. The developers then will sell the parking garage to the Spokane Downtown Foundation (Foundation), a nonprofit corporation, and lease the underlying land to the Foundation. The Foundation will finance the construction of the garage through issuance of tax-exempt revenue bonds payable over 21 years. Once the garage is built, the development plan calls for the Foundation to lease the garage and underlying land to the Spokane Public Development Authority, which will operate it. At the end of 21 years, the City will acquire title to the garage at no cost.

Priorities First is a political action committee opposing the goals underlying the new ordinance. On January 10, 1997, it began to collect signatures for proposed Initiative 97-1 requiring the City of Spokane to obtain voter approval before it created a Public Development Authority (PDA) to provide off-street parking facilities. Additionally, the initiative would prohibit the City from pledging parking meter revenue to fund the facilities without prior voter approval. Further, the initiative would operate to rescind any existing pledge or transfer of assets or funds by the City for off-street parking facilities and dissolve any existing public development authority if its purpose involves off-street parking facilities. Backers of the initiative presented their petition with signatures to the Spokane City Clerk on March 14, 1997.

On March 31, the City Council determined the initiative was legally invalid under their authority granted in SPOKANE MUNICIPAL CODE (SMC) 2.02.080(4) and directed it be filed but not placed on the ballot.

On April 7, 1997, Priorities First filed this action in superior court alleging partly that the relevant SMC 2.02.080 provisions were unconstitutional and violated

Spokane City Charter section 82. It provides that the City Council shall either pass the initiative's proposed ordinance without alteration or put it on the ballot at the next election. The petition requested the superior court to issue a writ of mandamus directing the City to place the initiative on the ballot. It also claimed the City Council's refusal to do so violated the civil rights of its members making it eligible for attorney fees under 42 U.S.C. § 1988.

The City answered, counter claimed, and eventually moved for summary judgment. It argued the initiative was beyond the scope of the initiative power, and it requested the court issue an order enjoining placement of the initiative on the ballot.

On July 2, the superior court granted the City's motion. The court ruled Initiative 97-1 conflicted with state statute because it dealt with an area over which the Legislature has delegated authority to the City Council under RCW 35.41. The court also held the scope of the initiative was "administrative in character" because it attacked "the means by which the River Park Square project would be carried out." Thus, it is "outside the permissible scope of an initiative," which "may only address legislative action, not administrative action."

## ANALYSIS

■ Two exceptions exist to the general rule that courts do not rule on the constitutionality of proposed initiatives before they are enacted as laws. The first exception occurs when a proposed law is beyond the scope of the initiative power because it involves functions granted by the Legislature to the legislative body of the city, rather than the city itself. *State ex rel. Guthrie v. City of Richland*, 80 Wn.2d 382, 384, 494 P.2d 990 (1972). The second is when an initiative improperly affects matters that are administrative rather than legislative in nature. *Bidwell v. City of Bellevue*, 65 Wn. App. 43, 46, 827 P.2d 339, *review denied*, 119 Wn.2d 1023 (1992). Our resolution of the first exception is dispositive.

■■ Does Initiative 97-1 exceed the scope of the initiative power by encroaching on functions the Legislature has granted to the City Council? An ordinance that conflicts with a state statute is invalid. The critical distinction here is whether the Legislature has delegated the power that is the subject of the initiative to the municipal corporation's governing body or to the city itself, as an entity. An initiative cannot interfere with the exercise of a power delegated by state law to the governing body of the city. *Guthrie*, 80 Wn.2d at 384. Stated another way, the people cannot deprive the city legislative authority of the power to do what the constitution and/or a state statute specifically permit it to do. *King County v. Taxpayers of King County*, 133 Wn.2d 584, 608, 949 P.2d 1260 (1997). *See also* 42 AM. JUR. 2D *Initiative and Referendum* § 9 (1969).

■■ We agree with the superior court that Initiative 97-1 interferes with authority the Legislature has granted to the City Council in RCW 35.41 to create a special fund to defray costs of a municipally owned facility. Specifically, RCW 35.41.010 provides:

> For the purpose of providing funds for defraying all or a portion of the costs of . . . operation of any municipally owned . . . facility . . ., for which the municipality now has or hereafter is granted authority to acquire . . ., *the legislative body of any city . . . may authorize, by ordinance, the creation of a special fund . . . into which the city . . . shall be obligated to set aside and pay: . . . any and all revenues derived from any . . . facility specified in said ordinance creating such special fund.*

(Emphasis added.) And, pursuant to RCW 35.41.030,

> [i]f the *legislative body* of a city . . . deems it advisable to . . . acquire, construct, develop . . . any . . . facility, . . . and adopts an ordinance authorizing such . . . acquisition, construction, [or] development . . . and to provide funds for defraying all or a portion of the cost thereof from the proceeds of the sale of revenue bonds . . . such city . . . may issue revenue bonds against the special fund . . . created solely from revenues.

(Emphasis added.) By requiring voter approval before the City Council pledges or uses city funds sources for off-street parking facilities, the proposed initiative interferes with the power the Legislature granted the city council in these statutes.

Priorities First relies upon RCW 35.86. RCW 35.86.010 provides:

> Cities of the first . . . class[] are authorized to provide off-street parking space and facilities located on land dedicated for park or civic center purposes, or on other municipally-owned land where the primary purpose of such off-street parking facility is to provide parking for persons who use such park or civic center facilities.

(Emphasis added.) Pursuant to RCW 35.86.020,

> [i]n order to provide for off-street parking . . . facilities, such cities are authorized . . . to finance their acquisition and construction through the issuance and sale of revenue bonds or general obligation bonds or both. . . .

> Such cities may authorize and finance the economic and physical surveys and plans, acquisition and construction, for off-street parking . . . facilities, either within their general budget or by issuing revenue bonds . . . .

> . . . .

> Such cities may, in addition . . ., utilize and pledge revenues from on-street parking meters in exercising any of the powers provided by this chapter . . . .

(Emphasis added.)

These statutes grant authority to the city in its corporate capacity to provide and finance off-street parking, primarily for persons using park or civic center facilities. But, their provisions apply only in the limited context of creating off-street parking for park or civic center purposes. The proposed initiative applies outside the limited context of RCW 35.86 and conflicts with the authority granted in RCW 35.41. We therefore conclude the superior court correctly determined the initiative exceeded its proper scope when it required voter approval before the City could

pledge or use on-street meter revenues or other City funds sources for off-street parking facilities.

Initiative 97-1 also requires voter approval for the transfer of assets and funds to public development authorities for off-street parking facilities. Priorities First argues that this part of the ordinance is valid because the Legislature has vested the power to create a PDA in the City as an entity. It cites RCW 35.21.730.[1]

█ In general, if part of an initiative is within the scope of the initiative power, the governmental entity must place the valid part on the ballot. *See Leonard v. City of Spokane*, 127 Wn.2d 194, 201, 897 P.2d 358 (1995). However, the provisions of an act are not severable if the constitutional and unconstitutional provisions are so connected that the Legislature would not have passed one without the other, or that the balance is useless to accomplish the legislative purpose. *Id.* Here, both prongs of Initiative 97-1 are needed to accomplish its purpose.

█ In light of our holding, we do not reach the issue raised by the superior court's alternative basis for its ruling, i.e., that the proposed law exceeds the scope of the initiative power by affecting matters that are administrative rather than legislative in character.[2] *Melville v. State*, 115 Wn.2d 34, 36, 793 P.2d 952 (1990) (unnecessary to decide other issues in summary judgment if one is dispositive). Principles of judicial restraint underlie the rule that when

---

[1]RCW 35.21.730 provides: "In order to improve the administration of authorized federal grants or programs . . . or to improve the general living conditions in the urban areas of the state, *any city . . . may by lawfully adopted ordinance* . . .

"(1) Transfer to any public . . . authority created hereunder, with or without consideration, any funds . . . ;

". . . .

"(4) Create public . . . authorities to: Administer and execute federal grants or programs; . . . and perform any lawful purpose or public function."

[2]Priorities First requests attorney fees below and on appeal. Since we affirm the superior court, it necessarily follows the City acted properly in resisting the petition. The request for attorney fees is denied.

Priorities First also moves that this court strike the affidavit of Roy Koegen as false. Since the affidavit concerns an issue that is not relevant to our decision, we decline to address that motion.

one issue is dispositive we should refrain from reaching other issues that might be presented. *State v. Peterson*, 133 Wn.2d 885, 894, 948 P.2d 381(1997) (Talmadge, J., concurring).

## CONCLUSION

We hold (1) the authority vested by statute in the City's legislative body is not subject to the initiative process, and (2) the proposed initiative contains an ordinance conflicting with state law. The savings clause does not preserve the remaining portions of the initiative because the severed portion is vital to the intended legislative purpose. Because the first issue is dispositive, we need not decide whether the proposed initiative exceeds the scope of the initiative power by affecting matters that are administrative rather than legislative in character. The trial court did not err in granting summary judgment to the City of Spokane.

Affirmed.

KURTZ, A.C.J., and SWEENEY, J., concur.

Review denied at 137 Wn.2d 1035 (1999).