[No. 67553-2-I. Division One. September 6, 2011.]

AMERICAN TRAFFIC SOLUTIONS, INC., *Appellant*, v. THE CITY OF BELLINGHAM ET AL., *Defendants*, WASHINGTON CAMPAIGN FOR LIBERTY ET AL., *Respondents*.

*Vanessa S. Power* and *Karin D. Jones* (of *Stoel Rives LLP*), for appellant.

*Stephen W. Pidgeon*, for respondents.

¶1 APPELWICK, J. — Initiative No. 2011-01 exceeds the lawful scope of local initiative power; it is not a valid ballot measure. The lawsuit did not violate RCW 4.24.525, the anti-SLAPP ("Strategic Lawsuits Against Public Participation") statute. We reverse the trial court on these issues but deny the request for an injunction.

## FACTS

¶2 The relevant facts are undisputed. On December 6, 2010, the Bellingham City Council enacted Ordinance No. 2010-12-064, which established a system of automated traffic safety cameras to enforce certain traffic infractions. Bellingham Municipal Code (BMC) 11.16.020. RCW 46.63-.170(1)(a) expressly authorizes "[t]he appropriate local legislative authority" to enact such systems in accordance with specified requirements and restrictions. In May 2011, the city of Bellingham (City) entered into a contract with American Traffic Solutions (ATS) to install an automatic traffic safety camera system during 2011 in accordance with BMC 11.16.020.

¶3 On January 25, 2011, the initiative sponsors filed City of Bellingham Initiative No. 2011-01, which would prohibit the City from installing or using an automatic

traffic camera system unless approved by a majority of the city council and a majority of the voters. The Whatcom County auditor certified sufficient signatures to place the initiative on the November 8, 2011 ballot. The Bellingham City Council voted to take no action regarding the initiative.

¶4 On July 29, 2011, ATS filed the current action against the City, Whatcom County (County), the auditor, and the initiative sponsors.[1] ATS requested a declaration that the initiative usurped the authority granted to the city council under RCW 46.63.170 and therefore exceeded the scope of the local initiative power and requested an injunction preventing the defendants from placing the initiative on the November ballot.[2]

¶5 After argument on August 17, 2011, the trial court denied ATS's request for declaratory and injunctive relief and granted the initiative sponsors' special motion to strike ATS's claim under RCW 4.24.525. The court awarded the initiative sponsors costs and attorney fees and imposed the statutory penalty of $10,000.

¶6 ATS filed a notice of appeal on the same day, and we granted expedited review. ATS has requested that we render our decision by September 7, 2011, the date on which the City begins to print the ballots for the November election.

## I. Preelection Challenge

■ ¶7 This case is a preelection challenge to the scope of Initiative No. 2011-01. Whether an initiative is beyond the scope of local initiative power and therefore subject to preelection attack is a question of law that this court

---

[1] The City, the County, and the auditor have not submitted any briefs or taken any position on ATS's claim.

[2] ATS also claimed that the initiative was an unconstitutional impairment of contract. Because ATS has not argued this contention on appeal, we do not address it.

reviews de novo. *City of Port Angeles v. Our Water-Our Choice!*, 170 Wn.2d 1, 7, 239 P.3d 589 (2010).

¶8 As a general rule, courts refrain from reviewing the validity of a proposed law, including an initiative or referendum, before it has been enacted. *Coppernoll v. Reed*, 155 Wn.2d 290, 297, 119 P.3d 318 (2005); *see also Futurewise v. Reed*, 161 Wn.2d 407, 410, 166 P.3d 708 (2007). It is well established, however, that a preelection challenge to the *scope* of the initiative power is both permissible and appropriate. *See Futurewise*, 161 Wn.2d at 411; *Coppernoll*, 155 Wn.2d at 299; *City of Sequim v. Malkasian*, 157 Wn.2d 251, 255, 138 P.3d 943 (2006). We are concerned here only with whether the *subject matter* of the initiative is proper for direct legislation. We express no opinion about the policy considerations that underlie the ordinance or the initiative.

## II. Justiciability/Standing

¶9 The initiative sponsors contend that ATS lacks standing and that its claim is not justiciable. They are incorrect.

¶10 Before a court will act under the Uniform Declaratory Judgments Act, chapter 7.24 RCW, the plaintiff must demonstrate the existence of a justiciable controversy. *See Bloome v. Haverly*, 154 Wn. App. 129, 140, 225 P.3d 330 (2010). The justiciability of a claim is a question of law that we review de novo. *See Coppernoll*, 155 Wn.2d at 299-301.

¶11 The justiciability of any particular preelection claim "is largely a function of the type of review sought." *Id.* at 300. "Subject matter challenges do not raise concerns regarding justiciability because postelection events will not further sharpen the issue (i.e., the subject of the proposed measure is either proper for direct legislation or it is not)." *Id.* at 299. ATS's claim is justiciable.

¶12 In order to have standing, a party must demonstrate (1) that it falls within the zone of interests that a statute or ordinance protects or regulates and (2) that it has

or will suffer an injury in fact, economic or otherwise, from the proposed action. *Nelson v. Appleway Chevrolet, Inc.*, 160 Wn.2d 173, 186, 157 P.3d 847 (2007).

¶13 If enacted, Initiative No. 2011-01 would potentially mandate termination or modification of ATS's contract with the City to install and maintain the automatic traffic safety cameras, causing specific and perceptible harm. As a party to that contract, ATS clearly has standing to challenge the proposed action.

¶14 Moreover, even if the question of ATS's standing were debatable, we would still address the issues presented in this appeal, because they involve significant and continuing matters of public importance that merit judicial resolution. *See Farris v. Munro*, 99 Wn.2d 326, 330, 662 P.2d 821 (1983) (addressing challenge to state lottery even though plaintiff lacked standing); *see also Wash. Natural Gas Co. v. Pub. Util. Dist. No. 1 of Snohomish County*, 77 Wn.2d 94, 96, 459 P.2d 633 (1969).

## III. Scope of Local Initiative Power

¶15 "An initiative is beyond the scope of the initiative power if the initiative involves powers granted by the legislature to the governing body of a city, rather than the city itself." *Malkasian*, 157 Wn.2d at 261. Where the legislature enacts a general law that grants such authority to the legislative body of a city, the exercise of that authority by the legislative body is not "subject to repeal, amendment or modification by the people through the initiative or referendum procedure." *State ex rel. Guthrie v. City of Richland*, 80 Wn.2d 382, 384, 494 P.2d 990 (1972); *see also Priorities First v. City of Spokane*, 93 Wn. App. 406, 410, 968 P.2d 431 (1998) (people cannot deprive the city legislative authority of power to do what a state statute specifically permits it to do). In determining whether the legislature granted authority to the local legislative body, we look primarily to the language of the relevant statute. *See Malkasian*, 157 Wn.2d at 262-63.

¶16 RCW 46.63.170 specifies that in order to use automatic traffic safety cameras for the issuance of traffic infractions, the "appropriate local legislative authority must first enact an ordinance allowing for their use." For more than 70 years, Washington courts have consistently construed similar provisions as the grant of authority to the local legislative body:

> It is well-settled that in the context of statutory interpretation, a grant of power to a city's governing body ("legislative authority" or "legislative body") means exclusively the mayor and city council and not the electorate.

*Malkasian*, 157 Wn.2d at 265. Initiative No. 2011-01 expressly restricts that authority by conditioning its use on a concurrence by the majority of the voters. The subject matter of the initiative is therefore clearly beyond the scope of the local initiative power.[3] Initiative No. 2011-01 is invalid.

IV. Anti-SLAPP Sanctions

¶17 A party bringing a special motion to strike a claim under RCW 4.24.525(4)(a) has the initial burden of showing by a preponderance of the evidence that the claim is based on an action "involving public participation and petition," as defined in RCW 4.24.525(2). If the moving party meets this burden, the burden shifts to the responding party "to establish by clear and convincing evidence a probability of prevailing on the claim." RCW 4.24.525(4)(b). Even assuming, without deciding, that the trial court correctly determined that ATS's preelection challenge is a claim "involving public participation and petition," as defined in RCW 4.24.525(2), ATS has met its burden of demonstrating by clear and convincing evidence "a prob-

---

[3] In the alternative, ATS contends that Initiative No. 2011-01 is beyond the scope of the local initiative power because it involves administrative matters. *See Our Water-Our Choice*, 170 Wn.2d at 11 (proposed law is beyond the scope of the initiative power when it affects matters that are administrative rather than legislative). Because we have concluded that the initiative's subject matter exceeds the scope of the local initiative power, we do not reach this contention.

ability of prevailing" on its claim by relying on long established case law. The trial court erred as a matter of law in granting the special motion and awarding costs, attorney fees, and statutory penalties. We vacate that award.

V. Injunctive Relief

¶18 A party seeking injunctive relief must demonstrate, at a minimum, that the challenged acts will result in actual and substantial injury. *Kucera v. Dep't of Transp.*, 140 Wn.2d 200, 209, 995 P.2d 63 (2000); RCW 7.40.020. We review the trial court's grant or denial of a preliminary injunction for an abuse of discretion. *Wash. Fed'n of State Emps., Council 28 v. State*, 99 Wn.2d 878, 887, 665 P.2d 1337 (1983).

¶19 Because Initiative No. 2011-01 is beyond the scope of the initiative power, it is invalid. Even if placed on the ballot and passed by a majority of the voters, the initiative would have no legal force. Consequently, it cannot result in actual and substantial injury to ATS's contractual interests, and ATS cannot demonstrate any injury justifying injunctive relief. ATS's request to enjoin the election is therefore denied.[4]

¶20 We affirm the denial of ATS's request for a preliminary injunction but otherwise reverse the trial court.

Cox and Spearman, JJ., concur.

Reconsideration denied September 8, 2011.

---

[4] The cost of submitting the initiative for a vote might justify the issuance of an injunction. The City, which will bear this cost, has not participated in this action and has not requested injunctive relief.