FILED
COURT OF APPEALS
DIVISION II

2014 MAR 13 AM 10: 17

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KITSAP COUNTY and KITSAP COUNTY SHERIFF, | No. 44183-7-II |
| Respondents, | |
| v. | |
| KITSAP COUNTY CORRECTIONAL OFFICERS' GUILD, INC., | PUBLISHED OPINION |
| Appellant. | |

PENOYAR, J.P.T.[1] — This action arises from Kitsap County's decision to lay off two corrections officers for budgetary reasons. The officers' union, the Kitsap County Correctional Officers Guild (Guild), demanded to bargain the decision to lay off the officers. The County agreed to bargain the effects of the layoffs but not the decision. The County sought a declaratory judgment in superior court stating that layoffs are a permissive bargaining subject and the Guild committed an unfair labor practice when it demanded to bargain the decision. The Guild filed a cross motion for summary judgment seeking (1) a declaration that layoffs are a mandatory bargaining subject and (2) an injunction against further layoffs without bargaining. The trial court granted declaratory judgment in the County's favor.

The Guild appeals, arguing that the County's claim was not justiciable, layoffs are a mandatory bargaining subject, and it is entitled to attorney fees on appeal. The County argues that, even if the layoffs are a mandatory subject, the Guild waived its right to bargain. We hold that the parties have an actual, present dispute regarding the right to bargain the layoffs; thus, the County's claim is justiciable. Additionally, the Guild did not waive its right to bargain over

---

[1] Judge Joel Penoyar is serving as a judge pro tempore of the Court of Appeals, Division II, pursuant to CAR 21(c).

layoffs because the contractual waivers had expired. However, the trial court was required to conduct a balancing test to determine whether the layoffs in this case are a mandatory bargaining subject. The record does not reflect that the court engaged in this analysis. Accordingly, we remand for the trial court to conduct a balancing test based on the facts of this case. Attorney fees are not appropriate at this stage of the proceedings, but they may be awarded on remand.

## FACTS

### I. LAYOFFS

The County's 2012 jail budget projected a $935,000 revenue loss. Consequently, on October 24, 2011, the County informed two corrections officers that they would be laid off on January 1, 2012. The County stated that the layoffs were the result of budget reductions. When the officers informed the Guild of the impending layoffs, the Guild sent a letter to the County demanding to bargain the decision to conduct layoffs. The Guild also requested information related to the County's budget.

The parties met on November 8, 2011, and discussed the effects of the layoffs. After the meeting, the County sent the Guild a draft letter of understanding, stating that there would be two layoffs and allowing for voluntary layoffs in place of the scheduled involuntary layoffs. The Guild responded by clarifying that its original demand letter requested that the County bargain over both the decision to lay off employees and the effects of that decision. Because the parties did not reach an agreement on the decision to lay off the officers, which the Guild argued was a mandatory subject of bargaining, the Guild requested further meetings with the County. The County agreed to meet again and discuss the effects of the layoffs, but it stated that it believed the Guild had waived the right to bargain the decision based on provisions in the collective bargaining agreement and the Guild's failure to raise bargaining over the decision at the

2

November meeting. The parties did not meet again, and the County laid off the two officers on January 1, 2012.

II.    2010-12 COLLECTIVE BARGAINING AGREEMENT

The parties' collective bargaining agreement expired on December 31, 2009, and they were unable to reach an agreement over a new contract. The 2007-09 agreement contained the following provisions:

SECTION I—RIGHTS OF MANAGEMENT

1.    All management rights, powers, authority and functions . . .  shall remain vested exclusively in Employer.  It is expressly recognized that such rights, powers, authority and functions include . . . the right to establish, change, combine or eliminate jobs, positions, job classifications and descriptions . . . [and] the determination of the number of employees.

Clerk's Papers (CP) at 155-56.

SECTION J—RELATIONSHIP TO CIVIL SERVICE RULES

1.    Except as expressly limited by its terms, nothing in this Agreement shall supersede any matter delegated to the Kitsap County Civil Service Commission by State law or by ordinance, resolution or laws of or pertaining to the County of Kitsap and such Commission shall continue to have primary authority over the subjects within the scope of its jurisdiction and authority.  If there then should be a conflict between any provisions of this Agreement and Civil Service, then the provisions of this Agreement shall govern.

CP at 156.  The Civil Service Rules state, "The Appointing Authority may lay off any employee in the Classified Service whenever such action is made necessary by reason of a shortage of work or funds."  CP at 162.  The rules also include the process for layoffs and reinstatement.

The parties sought arbitration over the 2010-12 collective bargaining agreement.[2] Hearings were held in February 2012, and the arbitrator issued an award in June 2012.  The

_____

[2] The new agreement is not in the record.

3

provisions relating to management rights and the Civil Service Rules were not at issue in the arbitration.

III.   SUPERIOR COURT ACTION

In June 2012, the County filed a motion for declaratory judgment in superior court, seeking a declaration that (1) the County had no legal duty to bargain the decision to "reduce the jail budget, operations, or staffing levels," (2) the Guild's demand to bargain the decision was an unfair labor practice, (3) the Guild's demand to bargain the decision breached the collective bargaining agreement, and (4) under the collective bargaining agreement, the Guild waived its rights to bargain layoffs resulting from "reductions in the jail's budget, operations, or staffing levels." CP at 338-39.  The Guild filed a cross motion for summary judgment, seeking a declaratory judgment that the layoffs are a mandatory subject of bargaining and that the County committed an unfair labor practice by refusing to bargain the decision to conduct layoffs.  The Guild also sought an injunction barring the County from conducting further layoffs until it satisfied its obligation to bargain with the Guild.

The trial court granted the County's motion for declaratory judgment and denied the Guild's cross motion for summary judgment.  The Guild appeals.

ANALYSIS

I.   JUSTICIABILITY

The Guild first argues that the County's claim was not justiciable because it did not present an actual, present, and existing dispute between the parties.  We disagree.

The County's complaint alleged that the Guild demanded to "bargain to impasse the decision to reduce the jail budget, operations, or staffing levels." CP at 338.  The Guild argues that it never demanded to bargain over the "jail budget, operations, or staffing levels"; rather, it

4

44183-7-II

demanded that the County bargain "the decision to conduct any layoffs plus any associated effects/impacts." Appellant's Br. at 12; CP at 336. The Guild asserts, therefore, that there is no present dispute between the parties concerning the County's budget, operations, or staffing levels.

We review the justiciability of a claim de novo. *City of Longview v. Wallin*, 174 Wn. App. 763, 777, 301 P.3d 45 (quoting *Am. Traffic Solutions, Inc. v. City of Bellingham*, 163 Wn. App. 427, 432, 260 P.3d 245 (2011)), *review denied*, 178 Wn.2d 1020 (2013). A party invoking the jurisdiction of the court under the Uniform Declaratory Judgment Act must first present a justiciable controversy. *Wallin*, 174 Wn. App. at 777 (quoting *To-Ro Trade Shows v. Collins*, 144 Wn.2d 403, 411, 27 P.3d 1149 (2001)). A justiciable controversy requires

> "(1) . . . an actual, present[,] and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract[,] or academic, and (4) a judicial determination of which will be final and conclusive."

*Wallin*, 174 Wn. App. at 777-78 (quoting *To-Ro Trade Shows*, 144 Wn.2d at 411). Courts must liberally construe complaints. CR 8(f).

Courts must liberally construe complaints. CR 8(f). Here, although the parties each characterize the dispute differently, the core issue is the same for both parties: whether the County had a mandatory duty to bargain the decision to implement layoffs. And the County's own argument before the trial court included discussion over the justiciable issue of whether the County had a mandatory duty to bargain the decision to conduct layoffs. This is an actual and present dispute between the parties that will continue until there is a judicial resolution. The County presented a justiciable controversy.

5

II.   WAIVER

The County argues that the Guild contractually waived its rights to bargain over the layoffs. We disagree because any waivers expired in 2010 with the former collective bargaining agreement.

Waiver is an affirmative defense to a "unilateral change/refusal to bargain" unfair labor practice. *Pasco Police Officers' Ass'n v. City of Pasco*, 132 Wn.2d 450, 463, 938 P.2d 827 (1997) (quoting *Seattle Police Mgmt. Ass'n v. City of Seattle*, No. 8937-U-90-1967, 1992 WL 753329, at *13 (Wash. Pub. Emp't Relations Comm'n Sept. 24, 1992)). The employer bears the burden of proving that the union waived bargaining rights. *Yakima County Law Enforcement Officer's Guild v. Yakima County*, No. 23986-U-11-6135, 2013 WL 6773512, at *4 (Wash. Pub. Emp't Relations Comm'n Dec. 10, 2013). A waiver must be "'clear and unmistakable.'" *Pasco Police Officers' Ass'n*, 132 Wn.2d at 462 (quoting *Metro. Edison Co. v. NLRB*, 460 U.S. 693, 708, 103 S. Ct. 1467, 75 L. Ed. 2d 387 (1983)). It must also be knowingly made and must specifically address the subject upon which the waiver is claimed. *Pasco Police Officers' Ass'n*, 132 Wn.2d at 462. A waiver can be found by action, such as agreeing to a contract provision, or by inaction, such as failing to object to an act or proposal. *Pasco Police Officers' Ass'n*, 132 Wn.2d at 462 (quoting *WSCCCE v. Spokane County*, No. 5187-U-84-913, 1985 WL 291967, at *12 (Wash. Pub. Emp't Relations Comm'n Mar. 15, 1985)). Courts will not find a waiver "'unless it is clear that the parties were aware of their rights and made the conscious choice . . . to waive them.'" *Pasco Police Officers' Ass'n*, 132 Wn.2d at 462 (quoting *NLRB v. New York Tel. Co.*, 930 F.2d 1009, 1011 (2d Cir. 1991)).

We must first determine whether the waivers from the 2007-09 collective bargaining agreement were in effect at the time the layoffs occurred. During the pendency of proceedings

before an arbitration panel, existing hours, wages, and working conditions shall not be changed by either party's unilateral action. RCW 41.56.470. But waivers are permissive subjects that expire with the collective bargaining agreement unless they are renewed by mutual consent. *City of Spokane Managerial & Prof'l Ass'n v. City of Spokane*, No. 23815-U-11-6077, 2012 WL 440798, at *2 (Wash. Pub. Emp't Relations Comm'n Feb 8, 2012) Here, the agreement containing the alleged waivers had expired in 2010 and the parties had not yet negotiated a new agreement. The decision to implement layoffs occurred in October 2011 and the employees were laid off in January 2012. There is no evidence at the time of the layoffs that the parties had agreed to renew the alleged waivers. Therefore, the alleged waivers expired in 2010.

The County additionally argues that the Guild waived its rights to bargain the layoff decision because it allowed layoffs in the past without demanding the right to bargain the decision. Although the waivers in the collective bargaining agreement had expired, we may look to the parties' bargaining history for evidence that the Guild waived the right to bargain the layoffs. *See Int'l Ass'n of Fire Fighters, Local 469 v. City of Yakima*, No. 7900-U-89-1699, 1991 WL 733702, at *13 (Wash. Pub. Emp't Relations Comm'n 1991). In 2010, the County laid off four officers because of budget cuts. The parties met and bargained the effects of the layoffs. The County implies that the Guild did not demand to bargain the decision, but the record only contains evidence of the outcome of the bargaining, it does not contain evidence of what the Guild demanded to bargain. The County has the burden of proving that the Guild clearly and unmistakably waived its bargaining rights. The County has not met its burden here.

III.    MANDATORY SUBJECT

Next, the Guild argues that the trial court erred when it denied the Guild's summary judgment motion because layoffs are a mandatory bargaining subject and the County committed

7

an unfair labor practice when it refused to bargain the decision to lay off two officers. Because the trial court failed to first conduct the balancing test to determine whether the layoffs in this case are mandatory or permissive subjects, we hold that the trial court erred and remand for the court to conduct the balancing analysis.

We review a summary judgment order de novo, engaging in the same inquiry as the trial court. *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Folsom*, 135 Wn.2d at 663. We construe the facts and reasonable inferences in favor of the nonmoving party. *Korslund v. DynCorp Tri-Cities Servs., Inc.*, 156 Wn.2d 168, 177, 125 P.3d 119 (2005). Summary judgment is appropriate if reasonable persons could reach only one conclusion from the evidence presented. *Korslund*, 156 Wn.2d at 177.

There are three broad categories of collective bargaining subjects: mandatory, permissive, and illegal. *Yakima County v. Yakima County Law Enforcement Officers' Guild*, 174 Wn. App. 171, 181, 297 P.3d 745 (quoting *Patrol Lieutenants Ass'n v. Sandberg*, 88 Wn. App. 652, 657, 946 P.2d 404 (1997)), *review denied*, 178 Wn.2d 1012 (2013). Parties to a collective bargaining agreement *must* bargain in good faith on mandatory subjects; they *may* bargain on permissive subjects, but they are not obliged to bargain to impasse. *Sandberg*, 88 Wn. App. at 657 (quoting *Pasco Police Officers' Ass'n*, 132 Wn.2d at 460). Even if an employer makes a unilateral decision regarding a permissive bargaining subject, the employer is still required to bargain over the effects of the decision on mandatory bargaining subjects. *Pub. Sch. Emps. of Wash. v. Wash. State Univ.*, No. 24440-U-11-6258, 2013 WL 1561271, at *2 (Wash. Pub. Emp't Relations Comm'n Apr. 9, 2013).

8

Mandatory bargaining subjects include wages, hours, and working conditions. *Klauder v. San Juan County Deputy Sheriffs' Guild*, 107 Wn.2d 338, 341, 728 P.2d 1044 (1986). Permissive bargaining subjects include "[m]anagerial decisions that only remotely affect 'personnel matters,' and decisions that are predominantly 'managerial prerogatives.'" *Int'l Ass'n of Fire Fighters, Local Union 1052 v. Pub. Emp't Relations Comm'n*, 113 Wn.2d 197, 200, 778 P.2d 32 (1989). It is an unfair labor practice to refuse to bargain a mandatory subject to impasse and to demand to argue a permissive subject to impasse. RCW 41.56.140(4); *Yakima County*, 174 Wn. App. at 182.

Where an issue involves both mandatory and permissive subjects, courts use a balancing test to determine whether it is mandatory or permissive. *Yakima County*, 174 Wn. App. at 182. "On one side of the balance is the relationship the subject bears to 'wages, hours[,] and working conditions.' On the other side is the extent to which the subject lies 'at the core of entrepreneurial control' or is a management prerogative." *Int'l Ass'n of Fire Fighters*, 113 Wn.2d at 203 (quoting *Spokane Educ. Ass'n v. Barnes*, 83 Wn.2d 366, 376, 517 P.2d 1362 (1974)). Where the subject both relates to conditions of employment and is a management prerogative, the court must determine which characteristic predominates. *Int'l Ass'n of Fire Fighters*, 113 Wn.2d at 203. This involves a case-by-case analysis. *Int'l Ass'n of Fire Fighters*, 113 Wn.2d at 203.

In *International Ass'n of Fire Fighters*, our Supreme Court held that the Washington Public Employees Relations Commission (PERC) erred when it determined that a subject was permissive without first conducting the balancing test. 113 Wn.2d at 207. There, PERC concluded, and the superior court affirmed, that equipment staffing was a nonmandatory bargaining subject. *Int'l Ass'n of Fire Fighters*, 113 Wn.2d 202. In reaching this conclusion,

PERC did not balance the specific facts relating to the management prerogatives at issue and the decision's impact on working conditions; instead, it declared, based on previous decisions, that equipment staffing was a nonmandatory subject. *Int'l Ass'n of Fire Fighters*, 113 Wn.2d at 202. The court held that PERC erred by failing to conduct a fact-specific balancing, noting, "[e]very case presents unique circumstances, in which the relative strengths of the public employer's need for managerial control on the one hand, and the employees' concern with working conditions on the other, will vary." *Int'l Ass'n of Fire Fighters*, 113 Wn.2d at 207. Therefore, the court remanded for PERC to conduct the proper balancing test. *Int'l Ass'n of Fire Fighters*, 113 Wn.2d at 207.

The trial court in this case similarly failed to balance on the record the County's management prerogatives against the layoffs' impact on working conditions. Arguably, the layoffs heavily impact employees' working conditions, but, on these facts, the County's duty to implement a budget weighs on the management prerogative side of the balance. With such significant interests on each side of the balance, it is important that the trial court carefully consider the specific facts of this case and balance the competing interests.

The trial court erred when it failed to conduct the balancing test to determine whether the layoffs in this situation are mandatory or permissive bargaining subjects. We remand for the trial court to engage in the balancing analysis.

IV.    ATTORNEY FEES

The Guild requests attorney fees on appeal under RCW 49.48.030. RCW 49.48.030 states, "In any action in which any person is successful in recovering judgment for wages or salary owed to him or her, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer." Because we are remanding to the trial court for

10

further proceedings, the Guild has not yet successfully recovered employee wages or salaries. Attorney fees may be appropriate on remand, but they are not recoverable here under RCW 49.48.030.

We remand for the trial court to conduct a balancing test based on the facts of this case.

_____
Penoyar, J.P.T.

We concur:

_____
Maxa, J.

_____
Lee, J.